IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>vs.<br><br>Rafael Monteverde-Aguilar,<br><br>                Defendant. | CR16-01929-TUC-JGZ(JR)<br><br>**REPORT AND RECOMMENDATION** |

On April 21, 2017, Defendant filed a Motion to Suppress Statements. DOC 24.[1] The government filed a response on May 8, 2017. DOC 30. The Defendant filed a reply on May 15, 2017. DOC 31. The matter was heard by Magistrate Judge Rateau on May 24, 2017. DOC 39. Defendant was present and represented by counsel. The government presented one witness. DOC 42. Four exhibits were admitted at the hearing. DOC 40. Having considered the matter, the Magistrate Judge submits the following Findings of Fact and Conclusions of Law and recommends that Defendant's Motion to Suppress Statements be granted.[2]

---

[1] The Court will use "DOC" to refer to the court docket; "TR" to refer to the transcript of the hearing on May 24, 2017; and "EX" to refer to the exhibits admitted at the hearing.

[2] Trial is currently scheduled for August 15, 2017 and a plea deadline has been set for July 28, 2017. DOC 36.

## I. FINDINGS OF FACT

Officer Miguel Ortiz is a Task Force Officer with Homeland Security Investigations. TR at 5. On September 17, 2016, at approximately 12 or 1:00 in the afternoon, he was working at the DeConcini Port of Entry and got a call that drugs had been found in a non-factory compartment of a vehicle. *Id*. at 5-6. Officer Ortiz responded and at approximately 2:00 p.m. and conducted a post-arrest interview of the driver, Defendant Monteverde-Aguilar. *Id.* at 6-7.

It is undisputed that prior to speaking to the Defendant about the details of the case, Officer Ortiz used a declaration of rights form in Spanish to read the Defendant his *Miranda* rights. *Id*. at 8; EX 1. It is also undisputed that the Defendant placed his initials by each right and signed and dated the waiver. EX 1. What is in dispute is whether the Defendant invoked his right to counsel; whether he was properly advised of his right to remain silent and his right to counsel; and whether his statements were knowing and voluntary. Fortunately, Officer Ortiz's encounter with the Defendant was partially videotaped and transcribed. EXs 2-4.[3]

Officer Ortiz testified that there were times where he and the Defendant were not communicating clearly. *Id.* at 19. There were problems as early as a minute into the interview when the Defendant was providing biographical information. *Id*. at 24-27; 45-

---

[3] The entire interview lasted one hour and six minutes. EX 2 at 14. Officer Ortiz testified that of that time, it took approximately 19 ½ minutes to advise the Defendant of his rights and obtain a waiver. TR at 22. That is the portion of the interview that was recorded and transcribed. EXs 2-4.

46. For example, the 78-year-old Defendant was not able to provide his address or the names of his children. TR 28; EX 2 at 2-4. He wasn't even able to understand the question, "are you a citizen of Mexico?" TR at 45. This did not raise a red flag in the mind of Officer Ortiz. *Id.* at 27. He never paused for a moment to ask the Defendant if he had any hearing deficit problems, health issues or dementia. *Id*. at 28-29.

That the Defendant struggled throughout the interview is evident from the video recording. TR 45; EXs 3-4. While the transcript doesn't capture the Defendant's confusion as clearly as the live recording does, it does provide some important details. For example, the following exchanges occurred:

> ORTIZ: Don't mention it. This is my partner Lipcki
> MAN: Meat, how?
> ORTIZ: Lipcki.
> MAN: Nick, ah, Lucky?
> LIPCKI: Lipcki

EX 2 at 1:1-6.

> ORTIZ: Are you a citizen of Mexico?
> MONTEVERDE: Pardon?
> ORTIZ: Are you a citizen of Mexico?
> MONTEVERDE: I don't understand you.
> ORTIZ: Are you a citizen of Mexico:
> MONTEVERDE: Yes.

*Id.* at 4:3-8

> ORTIZ: What are the names of your children?
> MONTEVERDE: Well I haven't seen them in a long time. I left them with their mom when they were little. Well, they weren't too little, but you know what I'm saying she raised them apart [from me] but only two.
> ORTIZ: What are their names?
> MONTEVERDE: She?
> ORTIZ: Uh-huh

| | | |
|---|---|---|
| 1 | MONTEVERDE: | Her name is Graciela. |

*Id*. at 4:15-24.

| | | |
|---|---|---|
| | ORTIZ: | …You have the right to remain silent. Anything you say can be used against you in a court of law or in any other judicial proceeding. You have the right to consult with an attorney before making any statements or answering any questions. You have the right for an attorney to be present during the questioning. If you cannot pay for an attorney one will be appointed for you before any questioning if you wish. If you answer the questions now you still have the right to stop questioning at any time or to stop… |
| | MONTEVERDE: | But. |
| | ORTIZ: | Or to stop the questioning to consult with an attorney. |
| | MONTEVERDE: | But, I would have to pay for the attorney, right? |
| | ORTIZ: | No. No, if you cannot pay for one, the government will give you one for free. |
| | MONTEVERDE: | Ah-hah. |
| | ORTIZ: | But, right now because you don't have an attorney and then it's Saturday, |
| | MONTEVERDE: | Ah-hah. |
| | ORTIZ: | you have to wait [here] at the county until Monday to see what happens, Tuesday, okay? |
| | MONTEVERDE: | [Chuckles] okay. So, I'll have to sleep here? |
| | ORTIZ: | Yeah |
| | MONTEVERDE: | [Chuckles] and be cold? |
| | ORTIZ: | Yup. |

*Id*. at 6:4-24; 7:1.

| | | |
|---|---|---|
| | MONTEVERDE: | "Anything, anything you say can be used against you in a court of law or in any other judicial proceeding." What about this, do I have to put that I understood or that I didn't, or how? |
| | ORITZ: | Um. |
| | MONTEVERDE: | Do I put it or not? |
| | ORTIZ: | Do you understand it? |
| | MONTEVERDE: | Not too well, just so-so |
| | ORTIZ: | Oh, Okay, let me see, we'll review it. "Anything you say can be used against you in a court of law or in any other judicial proceeding." This means that if, whatever you say could be used, well it depends, it depends what you say could be used |

- 4 -

|   |   |   |
|---|---|---|
| 1 | | against you in justice, um, in a court of law or in any other judicial proceeding.  It could be, it doesn't mean it will, but it could. |
| 2 | | |
| 3 | MONTEVERDE: | It could not? |
| | ORTIZ: | Uh. |
| 4 | MONTEVERDE: | [Chuckles] |
| 5 | ORTIZ: | Um. |
| | MONTEVERDE: | Well, I'm not sure what to put, I mean I don't. |
| 6 | ORTIZ: | You didn't understand it? |
| 7 | MONTEVERDE: | No too well, no I didn't. |
| | ORTIZ: | Um, what is. |
| 8 | MONTEVERDE: | Well, I don't know if this sentence [says] is favoring me or not, that's what it is you know? |
| 9 | ORTIZ: | Uh-huh.  What sentence? |
| 10 | MONTEVERDE: | This one I just read. |
| | ORTIZ: | Okay |
| 11 | MONTEVERDE: | So, I'm asking you for advice.  If I don't understand. |
| 12 | ORTIZ: | I cannot give you advice.  I can only give you what's there in black and white.  The thing is that I want to give you the opportunity [for us] to talk with you. |
| 13 | | |
| 14 | MONTEVERDE: | Uh-hum. |
| | ORTIZ: | I want to give the chance to talk, to say what happened, what went on, what we can do. |
| 15 | | |
| 16 | MONTEVERDE: | Okay. |
| | ORTIZ: | But. |
| 17 | MONTEVERDE: | What's your advice for me, should I put R M A on the side there or? |
| 18 | ORTIZ: | No. If you didn't understand it, I'm not going to tell you that no. |
| 19 | | |
| 20 | MONTEVERDE: | Okay.  So I keep going? |
| | ORTIZ: | Go ahead, okay. |
| 21 | | |
| 22 | *Id.* at 8:9-24; 9:1-21. | |
| 23 | MONTEVERDE: | Okay, then.  Next one: "You have the right for an attorney to be, to be pres, present during the questioning."  Well, yes, I think so, right? |
| 24 | | |
| 25 | ORTIZ: | As you wish. |
| | MONTEVERDE: | Because if I see [an attorney] is present it will be because he will help me, it is like that right? |
| 26 | | |
| 27 | ORTIZ: | Yes. |
| | MONTEVERDE: | Okay.  Next: "If you cannot pay for an attorney one will be appointed for you before any questioning if you wish."  If you |
| 28 | | |

|   |   |   |
|---|---|---|
| 1 | | cannot pay for an attorney before any questioning you [UI] to understand [UI]? |
| 2 | ORTIZ: | I'm sorry what? |
| 3 | MONTEVERDE: | It says: If you cannot pay for an attorney one will be appointed for you before any questioning for you, well I believe this is one is yes, right, because wouldn't [the attorney] be speaking for me and helping me? |
| 4 | | |
| 5 | ORTIZ: | Who? |
| 6 | MONTEVERDE: | What this sentence says. |
| | ORTIZ: | Let's see. |
| 7 | MONTEVERDE: | This one. |
| 8 | ORTIZ: | "If you cannot pay for an attorney." |
| | MONTEVERDE: | Yes |
| 9 | ORTIZ: | one will be appointed for you before any questioning if you wish." |
| 10 | MONTEVERDE: | Well, yes, right? |
| 11 | ORTIZ: | Okay. |
| 12 | MONTEVERDE: | Because supposedly, since you say [the attorney] is free. |
| | ORTIZ: | Uh-huh. |
| 13 | MONTEVERDE: | And I cannot pay for one. |
| 14 | ORTIZ: | The government will give you one for free. |

*Id.* at 10:6-24; 11:1-9.

|   |   |   |
|---|---|---|
| 16 | ORTIZ: | Okay. This one you didn't understand: Anything you say can, can be used against you in a court of law or in any other proceedings. This line you said you didn't understand. |
| 17 | | |
| 18 | | |
| 19 | MONTEVERDE: | No. |
| | ORTIZ: | It just means that if you lie, it'll be bad for you, it'll look bad and that could be against you. |
| 20 | | |
| 21 | MONTEVERDE: | So I put [my initials] here, is that what you're advising me? |
| 22 | ORTIZ: | No. Do as you wish. But did you understand what I'm saying to you? |
| 23 | | |
| | MONTEVERDE: | Well, let me see. You have the right to consult with an attorney before making any statements or to answer, but I already did this one. |
| 24 | | |
| 25 | | |
| | ORTIZ: | But did you understand it? |
| 26 | MONTEVERDE: | Well I do understand it that if I wish then [the attorney] will help me, isn't it like that? |
| 27 | | |
| | ORTIZ: | Pardon? |
| 28 | MONTEVERDE: | If I wish [the attorney] will help me. |

- 6 -

| | ORTIZ: | Yes. |
| --- | --- | --- |
| | MONTEVERDE: | It will be in my favor. That's what I told you just now. |

*Id*. at 11:14-24; 12:1-6.

| | ORTIZ: | Okay. Are you willing, if you are willing to answer our questions without an attorney present, sign here. |
| --- | --- | --- |
| | MONTEVERDE: | Yes and to consult you who are present, I believe so, that is possible right? |
| | ORTIZ: | What, how? |
| | MONTEVERDE: | What did you ask me right now? |
| | ORTIZ: | Are you willing to answer our questions right now without an attorney present? |
| | MONTEVERDE: | Yes, everything you like. |

*Id*. at 13:15-21.

## II. **CONCLUSIONS OF LAW**

### A. **The Defendant invoked his right to counsel.**

An accused who wishes to invoke his *Miranda* rights must do so unambiguously. *Davis v. United States*, 512 U.S. 452, 461-62 (1994). Invocation of the *Miranda* right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney. *Id*. at 459. Invocation must be construed liberally and a person need not rely on any special combination of words to invoke his rights. *Hoffman v. United States*, 341 U.S. 479, 486 (1951); *Quinn v. United States*, 349 U.S. 155, 162 (1955). In determining whether a suspect invoked this right, "a court should examine the entire context in which the claimant spoke." *Bradley v. Meachum*, 918 F.2d 338, 342 (2nd Cir.1990).

Here, the Defendant made three statements regarding his right to counsel.

| | MONTEVERDE: | Okay, then. Next one: "You have the right for an attorney to be, to be pres, present during the questioning." **Well, yes, I** |
| --- | --- | --- |

| | | |
|---|---|---|
| | | **think so, right?** |
| ORTIZ: | | As you wish. |
| MONTEVERDE: | | **Because if I see [an attorney] is present it will be because he will help me**, it is like that right? |
| ORTIZ: | | Yes. |

EX 2 at 10:6-11 (emphasis added).

| | | |
|---|---|---|
| ORTIZ: | | "If you cannot pay for an attorney." |
| MONTEVERDE: | | Yes |
| ORTIZ: | | **one will be appointed for you before any questioning if you wish."** |
| MONTEVERDE: | | **Well, yes, right?** |
| ORTIZ: | | **Okay.** |
| MONTEVERDE: | | Because supposedly, since you say [the attorney] is free. |
| ORTIZ: | | Uh-huh. |
| MONTEVERDE: | | And I cannot pay for one. |
| ORTIZ: | | The government will give you one for free. |

*Id.* at 11:1-9 (emphasis added).

| | | |
|---|---|---|
| MONTEVERDE: | | **Well, let me see. You have the right to consult with an attorney before making any statements or to answer, but I already did this one**. |
| ORTIZ: | | But did you understand it? |
| MONTEVERDE: | | Well I do understand it that if I wish then [the attorney] will help me, isn't it like that? |
| ORTIZ: | | Pardon? |
| MONTEVERDE: | | If I wish [the attorney] will help me. |
| ORTIZ: | | Yes. |
| MONTEVERDE: | | **It will be in my favor. That's what I told you just now.** |

*Id.* at 11:22-24; 12:1-6 (emphasis added).

The Court finds that the Defendant's thrice-repeated statements and questions, when considered together, constituted an unequivocal request for an attorney. *See Smith v. Illinois*, 469 U.S. 91, 97 (1984) (finding a defendant's statement, "Uh, yeah, I'd like to do that," upon hearing of his right to counsel, a clear invocation); *Alvarez v. Gomez,* 185 F.3d 995, 998 (9th Cir. 1999) (finding the following three questions combined a clear

- 8 -

invocation: "Can I get an attorney right now, man?"; "You can have attorney right now?"; and "Well, like right now you got one?"); *United States v. de la Jara*, 973 F.2d 746, 750 (9th Cir. 1992) (finding "Can I call my attorney?" or "I should call my lawyer" a clear invocation); *Robinson v. Borg*, 918 F.2d 1387, 1389 (9th Cir.1990) (finding "I have to get me a good lawyer, man. Can I make a phone call?" a clear invocation); *Shedelbower v. Estelle*, 885 F.2d 570, 571–73 (9th Cir.1989) (finding "You know, I'm scared now. I think I should call an attorney" a clear invocation); and *Smith v. Endell*, 860 F.2d 1528, 1529–31 (9th Cir. 1988) (finding "Can I talk to a lawyer?" a clear invocation).

### B. The Defendant was not correctly advised of his rights.

Before a person is questioned by law enforcement officers after being "taken into custody or otherwise deprived of his freedom of action in any significant way," he must first be warned that he has the right to remain silent, that any statements he does make may be used against him, and that he has a right to the presence of an attorney, either retained or appointed. *Miranda v. Arizona*, 384 U.S. 436, 467-68(1966).

The following transpired when Officer Ortiz tried to explain to the Defendant what his right to remain silent meant:

| | |
|---|---|
| ORTIZ: | Okay. This one you didn't understand: Anything you say can, can be used against you in a court of law or in any other proceedings. This line you said you didn't understand. |
| MONTEVERDE: | No. |
| ORTIZ: | **It just means that if you lie, it'll be bad for you, it'll look bad and that could be against you.** |

EX 2 at 11:14-19 (emphasis added).

This is an inaccurate statement of the law. *Miranda* requires that a person be advised that *any* statement made to police may be used against him, not just an *untrue* statement.

When Officer Ortiz explained to the Defendant his right to counsel, the following transpired:

| | |
|---|---|
| ORTIZ: | You have the right to consult with an attorney before making any statements or answering any questions. You have the right for an attorney to be present during the questioning. If you cannot pay for an attorney one will be appointed for you before any questioning if you wish. If you answer the questions now you still have the right to stop questioning at any time or to stop… |
| MONTEVERDE: | But. |
| ORTIZ: | Or to stop the questioning to consult with an attorney. |
| MONTEVERDE: | But, I would have to pay for the attorney, right? |
| ORTIZ: | No. No, if you cannot pay for one, the government will give you one for free. |
| MONTEVERDE: | Ah-hah. |
| ORTIZ: | **But, right now because you don't have an attorney and then it's Saturday,** |
| MONTEVERDE: | Ah-hah. |
| ORTIZ: | **you have to wait [here] at the county until Monday to see what happens, Tuesday, okay?** |
| MONTEVERDE: | [Chuckles] okay. So, I'll have to sleep here? |
| ORTIZ: | Yeah |
| MONTEVERDE: | [Chuckles] and be cold? |
| ORTIZ: | Yup. |

EX 2 at 6:7-24; 7:1(emphasis added).

This too is inaccurate. Officer Ortiz correctly advised the Defendant that he had a right to consult with an attorney before questioning and that he had the right to the presence of an attorney during questioning. But Officer Ortiz qualified that right by stating that the Defendant would have to wait until the following Tuesday to exercise that

right.

Because the Defendant was not given an effective warning of his *Miranda* rights, any statements he gave during his interrogation cannot be used against him in the Government's case in chief. *Oregon v. Elstad*, 470 U.S. 298, 306 (1985). The statements may however, be used to impeach the Defendant if he testifies so long as they are voluntary and reliable. *Harris v. New York*, 401 U.S. 222, 226 (1971).

### C. The Defendant did not knowingly and voluntarily waive his rights.

The government has the burden of proving that a defendant knowingly and voluntarily waived his *Miranda* rights. *North Carolina v. Butler*, 441 U.S. 369, 373, (1979). This burden is great and a court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). "Whether there has been a valid waiver depends on the totality of the circumstances, including the background, experience, and conduct of the defendant." *United States v. Rodrigues-Preciado*, 399 F.3d 1118, 1127, amended, 416 F.3d 939 (9th Cir. 2005) (quoting *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998)). A waiver is knowing and intelligent if it is made with a "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Doe*, 155 F.3d at 1074 (quoting *Moran v. Burbine,* 475 U.S. 412, 421 (1986)).

Here, the Government has not met its burden of establishing that Defendant knowingly and voluntarily waived his *Miranda* rights. As a threshold matter, as discussed above, the Defendant in fact did not waive his right to counsel. He repeatedly indicated that he wanted an attorney. However, even if Defendant's statements were not

construed as requesting counsel, the Government has not established that Defendant's purported waiver was knowing and voluntary. The transcript is rife with examples of Defendant's confusion about even basic facts. From the inception of the interview, the 78-year-old Defendant was having difficulty providing basic biographical information and did not even understand a simple question about his citizenship. TR at 45. More important, the recording and transcript do not establish that Defendant understood his rights. The colloquy between Agent Ortiz and Defendant goes on for pages and reflects the Defendant's confusion. For example, Agent Ortiz initially explained to the Defendant that he had the right to have an attorney present and that the attorney would be cost-free. TR at 6-7. However, just as the Defendant stated "Ah-hah," and appeared he might understand that right, Agent Ortiz conditioned the right, stating that "But, right now because you don't have an attorney and then it's Saturday, . . . you have to wait [here] at the county until Monday to see what happens, Tuesday, okay?" When Defendant asks if he will then have to sleep and the jail "and be cold," Agent Ortiz responds, "Yup." An officer who attempts to pressure a defendant into talking without counsel violates that Defendant's Fifth Amendment rights. *See Collazo v. Estelle*, 940 F.2d 411, 419-20 (9th Cir. 1991). Based on that exchange, the Court has no confidence that Defendant understood the absolute nature of the right to counsel and finds that he was pressured to waive the right or face three cold nights in jail.

Defendant's confusion also extended to the nature of the right to remain silent and the potential consequences of a waiver. He expressly indicated that he did not understand his right to remain silent and sought Agent Ortiz's advice about whether he should initial

the declaration of rights to indicate that he understood. TR at 8-9. In trying to dispel Defendant's confusion about his right to remain silent, Agent Ortiz incorrectly explained the right, stating that "It just meant that if you lie, it'll be bad for you, it'll look bad and that could be against you." TR at 11-12. This explanation is a misstatement of the right and ignores entirely that the truth has the potential to be as bad or worse than a lie. Moreover, the explanation omits that Defendant had the right to remain entirely silent without risking that his silence would be used against him. The point of *Miranda* is to inform a defendant that by giving up his right to remain silent, *anything* he said could be used against him in court. *Miranda*, 384 U.S. at 478. That message was not sufficiently conveyed to the Defendant.

Because the Defendant was subjected to custodial interrogation, the Government is obligated to establish that he was advised of his *Miranda* rights and that he knowingly, voluntarily and intelligently waived those rights. The Government has not met its burden. As previously explained, Defendant's right to counsel and right to remain silent were inadequately and confusingly explained. The record also establishes that the Defendant was confused about even the simplest questions and was particularly confused about his rights under *Miranda*. Given these circumstances, the Court finds that any purported waiver of those rights was not knowing and voluntarily given and Defendant's statement to Agent Ortiz must be suppressed.

### III. RECOMMENDATION FOR DISPOSITION BY THE DISTRICT JUDGE

Based on the foregoing, the Magistrate Judge recommends that the District Court, after an independent review of the record, GRANT Defendant's Motion to Suppress

Statements (Doc. 24).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. No replies are permitted without leave of court. If any objections are filed, this action should be designated case number: **CR 16-01929-TUC-JGZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 6th day of June, 2017.

Honorable Jacqueline M. Rateau
United States Magistrate Judge