# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01929-001-TUC-JGZ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Rafael Monteverde-Aguilar, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Jacqueline Rateau that recommends granting the Defendant's Motion to Suppress. (Doc. 44.)

A review of the record reflects that the parties have not filed any objections to the Report and Recommendation and the time to file objections has expired. As such, the Court will not consider any objections or new evidence.

The Court has reviewed the record and concludes that Magistrate Judge Rateau's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998). The Court agrees with the Magistrate's conclusion that the government did not meet its burden of proving that, under the totality of the circumstances, Defendant knowingly, voluntarily and intelligently waived his Miranda rights at the time he made his statement. Because Defendant was not given an effective Miranda warning, any statements he gave during

his interrogation cannot be used against him in the Government's case in chief. *Oregon v. Elstad*, 470 U.S. 298, 306 (1985). The statements may however, be used to impeach Defendant if he testifies so long as "the trustworthiness of the evidence satisfies legal standards." *Harris v. New York*, 401 U.S. 222, 226 (1971). The Court declines to consider the alternative bases for granting the Motion to Suppress.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Magistrate Judge Rateau's Report and Recommendation (Doc. 44) is accepted and adopted;
2. Defendant's Motion to Suppress (Doc. 24) is GRANTED.

Dated this 26th day of June, 2017.

_____
Honorable Jennifer G. Zipps
United States District Judge